[925 NYS2d 99]

In the Matter of UZMAH SAGHIR, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 24, 2011

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Sharon Gursen Ades* of counsel), for petitioner.

*McDonough and McDonough*, Westbury (*Chris G. McDonough* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

By opinion and order of the United States District Court, Southern District of New York (Rakoff, J.) dated November 30, 2009 (2009 WL 4437951, 2009 US Dist LEXIS 112657 [SD NY 2009]), the respondent's name was stricken from the roll of attorneys admitted to practice before that court. The Committee on Grievances for the United States District Court for the Southern District of New York (hereinafter the Committee on Grievances), following an investigation, sustained nine charges of professional misconduct: neglecting a legal matter entrusted to the respondent, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]); failing to seek the lawful objectives of the respondent's client and failing to carry out a contract of employment to provide legal services, in violation of Code of Professional Responsibility DR 7-101 (a) (1) and (2) (22 NYCRR 1200.32 [a] [1], [2]); causing a certain individual, identified as inmate Doe, to solicit clients on her behalf in a federal prison, identified as federal prison X, in violation of Code of Professional Responsibility DR 2-103 (a) (22 NYCRR 1200.8 [a]); compensating inmate Doe for recommending employment by a client or having made a recommendation resulting in employment by a client, in violation of Code of Professional Responsibility DR 2-103 (d) (22 NYCRR 1200.8 [d]); sharing fees with a nonlawyer, in violation of Code of Professional Responsibility DR 3-102 (22 NYCRR 1200.17); charging and accepting excessive fees for her limited services, in violation of Code of Professional Responsibility DR 2-106 (22

NYCRR 1200.11); directing or assisting inmate Doe in preparing motions for her clients, thus aiding a nonlawyer in the unauthorized practice of law, in violation of Code of Professional Responsibility DR 3-101 (a) (22 NYCRR 1200.16 [a]); withdrawing from her representation of a client and failing to ensure that her actions would not prejudice her client, in violation of Code of Professional Responsibility DR 2-110 (a) (1) and (2) (22 NYCRR 1200.15 [a] [1], [2]); and engaging in illegal conduct which adversely reflects on her fitness as a lawyer, conduct involving dishonesty, fraud, deceit, or misrepresentation, and conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (3), (4) and (5) (22 NYCRR 1200.3 [a] [3], [4], [5]).

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the petitioner) also provided the Court with a copy of an order of disbarment from the United States Court of Appeals for the Second Circuit, dated January 4, 2010, which made reference to the order of the United States District Court, Southern District of New York, dated November 30, 2009, striking the respondent's name from the roll of attorneys, and a copy of an order of the United States District Court, Eastern District of New York, dated September 17, 2009, striking the respondent's name from the roll of attorneys based on her resignation.

The underlying misconduct emanated from the filing of a complaint by an inmate, identified as client Roe. The respondent was retained in April 2007 by the family of client Roe, who had been sentenced to 14 years' imprisonment on narcotic offenses, with respect to a motion pursuant to 28 USC § 2255. The motion was drafted by another inmate, identified as inmate Doe, at federal prison X and signed by client Roe. The respondent's name appeared on the lower left corner of the first page of the document as a recipient of the motion. More than six months later, on November 17, 2007, the respondent unsuccessfully attempted to electronically file a notice of appearance and a letter requesting a conference. Although she manually filed a notice of appearance, the respondent did not file the letter requesting a conference. Consequently, no conference was held. There was no further activity until September 2008 when a civil matter was opened following communications between client Roe and the pro se office of the court and the motion to vacate was filed. Client Roe filed a complaint against the respondent on or about October 8, 2008, which was referred to the Committee on Grievances.

On December 1, 2008, the Committee on Grievances issued an order to show cause directing the respondent to show why the Court should not censure, suspend, or strike her name from the roll of attorneys admitted to practice before the Court. On December 19, 2008, the respondent submitted an affirmation in response, along with exhibits, which included a retainer agreement, allegedly signed by client Roe.

On March 10, 2009, investigating counsel for the Committee on Grievances issued a subpoena duces tecum. After being granted an extension of time in which to comply, the respondent invoked the Fifth Amendment with respect to each of the 17 enumerated document requests. The respondent also indicated that she would invoke the Fifth Amendment in connection with her deposition. A formal statement of charges was issued against the respondent on June 29, 2009. The Committee on Grievances issued an interim order of suspension on July 8, 2009 (632 F Supp 2d 328 [2009]). Investigating counsel asked the respondent to produce certain documents which were not within the ambit of the Fifth Amendment. Despite repeated extensions, the respondent failed to produce any documents or explain her failure to do so. She failed to submit a response to the statement of charges as well. The subpoenaed documents were sought in order to resolve substantial discrepancies between the respondent's version of events as set forth in her affirmation and client Roe's version according to his deposition testimony.

During the course of the investigation, the Committee on Grievances received letters of complaint about the respondent from three other inmates alleging similar instances of neglect.

The Committee on Grievances sustained all nine charges of professional misconduct against the respondent. The Committee on Grievances drew an adverse inference from the respondent's invocation of the Fifth Amendment, although it noted that the charges would have been sustained in the absence of the adverse inference. The Committee on Grievances found, inter alia, that the respondent accepted $5,000 from client Roe's family and did no legal work on his behalf; that the respondent shared legal fees with a nonlawyer, inmate Doe, to compensate him in part for his "legal" work and for recommending the respondent's services to other inmates; that the respondent charged and accepted excessive fees for her limited services; and that she engaged in illegal conduct that adversely reflects on her fitness as a lawyer. Regarding the latter, the Committee on Grievances found that the respondent was dishonest with re-

spect to client Roe and the Committee on Grievances. For example, the Committee on Grievances specifically found that the retainer agreement was created after the fact to justify the limited legal services the respondent provided to client Roe.

In its opinion and order dated November 30, 2009, the Committee on Grievances concluded that the respondent's name should immediately be struck from the roll of attorneys admitted to practice before the United States District Court.

The petitioner served the respondent with a notice pursuant to 22 NYCRR 691.3 advising her of her right to file a verified statement setting forth any of the defenses to the imposition of reciprocal discipline enumerated in 22 NYCRR 691.3 (c) and to demand a hearing at which consideration would be given to any of the defenses raised. The respondent submitted a verified statement in response dated December 30, 2009, in which she raised the defenses that there was such an infirmity of proof establishing the misconduct in the United States District Court, Southern District of New York, that this Court could not accept its finding as final and that the imposition of discipline by this Court would be unjust.

A preliminary conference was held on June 14, 2010, at which the respondent appeared pro se. On the next scheduled hearing date, July 15, 2010, the respondent requested an adjournment to retain counsel. Following several adjournments, a hearing was held on September 14, 2010 and continued on September 30, 2010.

At the hearing, a record of the federal court proceedings was admitted into evidence. The respondent testified on her own behalf and called an expert witness, John T. McCann, a clinical psychologist. The respondent did not contest the federal court's findings as set forth in the opinion and order dated November 30, 2009. As a consequence, the hearing addressed only mitigation. The respondent testified that, as a result of a miscarriage in April 2008, she lapsed into a depression. Her condition was exacerbated by the lack of familial support from her in-laws, who objected to her professional working life. Dr. McCann opined that the respondent became depressed, apathetic, and impaired in her decision-making, and could not even respond to the problems she was having in federal court.

Following the hearing, the Special Referee concluded that the documentary evidence submitted by the petitioner established a convincing case of misconduct and that the respondent failed to present credible evidence to support her defenses. The Special

Referee specifically found that the evidence presented in the form of expert testimony by John T. McCann failed to establish that the respondent suffered from depression during the course of her professional practice in those matters which gave rise to the complaints of misconduct.

The petitioner now moves to confirm the report of the Special Referee and to impose such reciprocal discipline as the Court deems just and proper. The respondent joins in the motion to confirm, but contends that the sanction of disbarment or suspension is too harsh and that the appropriate discipline is diversion into a monitoring program. The respondent also has separately moved pursuant to 22 NYCRR 691.4 (m) to stay the reciprocal disciplinary proceedings and for diversion to allow her to complete a monitoring program sponsored by a lawyers' assistance program approved by the Court. She acknowledges that 22 NYCRR 691.4 (m) is inapplicable to the circumstances of her case. Nonetheless, she asks that the Court apply 22 NYCRR 691.4 (m) to her case.

We conclude that the evidence failed to establish the respondent's infirmity of proof defense and failed to establish that she suffered from a major depressive disorder during the relevant time period. The expert testimony of Dr. McCann was not credible in light of the fact that his opinion was based entirely on the respondent's self-reporting in August 2010 of events which occurred in 2008-2009. Further, the respondent's claim that she was significantly impaired such that she was unable to mount a defense to the proceedings in federal court due to incapacity is belied by her conduct. Finally, the relief requested by the respondent is not available under the existing Court Rules (see 22 NYCRR 691.4 [m]). The respondent's serious professional misconduct warrants the imposition of reciprocal discipline by this Court.

Accordingly, the motion to confirm is granted, and the respondent is disbarred, effective immediately, based upon the discipline imposed on her by the United States District Court, Southern District of New York.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and COVELLO, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Uzmah Saghir, is disbarred, and her

name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Uzmah Saghir, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Uzmah Saghir, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Uzmah Saghir, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the respondent's motion pursuant to 22 NYCRR 691.4 (m) for a stay of the proceedings and for diversion into a monitoring program is denied.